IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN W. BAPTISTE, SR. | ) <br> ) <br> )  Civil Action No. |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| NCO FINANCIAL SYSTEMS, INC., NATIONAL ASSET MANAGEMENT, LLC, NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY, R&R PROFESSIONAL RECOVERY, INC., ROI SERVICES, INC., CAPITAL ONE BANK | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## COMPLAINT

1.  This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), and other common law rights. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION & VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff Brian W. Baptiste, Sr. is an adult individual residing at 805 Rezerdy Road, Baltimore MD 21212.

5.     Defendant NCO Financial Systems, Inc. (hereafter, "NCO") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044.

6.     Defendant National Asset Management, LLC (hereafter, "NAM") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at National Asset Management, LLC 400 Rouser Road, Suite 202, Moon Twp, PA 15108.

7.     Defendant NRA Group, LLC d/b/a National Recovery Agency (hereafter "NRA") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 2491 Paxton Street, Harrisburg, PA 17111.

8.     Defendant R&R Professional Recovery, Inc. (hereafter "R&R") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 1500 Reierstown Road, Pikesville MD 21282.

9.     Defendant ROI Services, Inc. (hereafter "ROI") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 10713 Sunny Point Drive, Zebulon, NC 27597.

10.    The principal purpose of the above Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempts to collect debts alleged to be due another.

11.    Defendant Capital One Bank (hereafter "Capital One") is a business entity with its principal place of business located at 319 Route 130 North, East Windsor, New Jersey 08520.

## FACTUAL ALLEGATIONS

### As To Defendants NCO, NAM, R&R, NRA & ROI

12. At all pertinent times hereto, Defendants were hired by various third-party creditors to collect a debts relating accounts for which Plaintiff is not responsible (hereafter the "debts").

13. The debts at issue arise out of alleged transactions which were primarily for personal, family or household purposes.

14. At all material times, Plaintiff did not owe the debts and has never owed a debts to Defendants

15. In or around August 2010, Plaintiff learned that Defendants were falsely reporting the debts to the credit reporting agencies.

16. These debts reporting on Plaintiff's credit report were a substantial factor in precluding Plaintiff from obtaining a mortgage.

17. In or around October 2010, Plaintiff attempted to eliminate the debts from his credit reports and obtain a mortgage by paying the debts.

18. Defendants knew or should have known that the debts were not the responsibility of Plaintiff.

19. By November 2010, although Defendants each accepted payment from Plaintiff, Defendants each failed to send any updates to the credit reporting agencies indicating that the debts were paid nearly a month after the debts were actually paid by Plaintiff.

20. At all times relevant hereto, Defendants had the ability to update account information to the credit reporting agencies on a daily basis.

21. Defendants acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of the debts.

22. Defendants acted in a false, deceptive, misleading and unfair manner by communicating or threatening to communicate credit information which is known to be false.

23. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

24. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## As To Defendant Capital One

27. In or around June 2008, Defendant obtained a judgment for an alleged unpaid credit card for which Plaintiff is not responsible (hereafter the "debt").

28. At all material times, Plaintiff did not owe the debt and has never owed a debt to Capital One.

29. In or around August 2010, Plaintiff learned that the judgment obtained by Capital one was falsely being reported to the credit reporting agencies as belonging to Plaintiff.

30. This judgment reporting on Plaintiff's credit report was a substantial factor in precluding Plaintiff from obtaining a mortgage.

31. In or around October 2010, Plaintiff attempted to eliminate the judgment from his credit reports and obtain a mortgage by paying the debt.

32. Capital One knew or should have known that the debt was not the responsibility of Plaintiff.

33. By November 2010, although Capital One accepted payment from Plaintiff, Capital One failed to satisfy the judgment and further advised Plaintiff that it would not do so until an unstated about of purported attorneys fees and collection costs were also paid by Plaintiff.

34. At all times pertinent hereto, Capital One was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Capital One herein.

35. At all times pertinent hereto, the conduct of Capital One as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

36. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish,

embarrassment, humiliation, damage to reputation and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – NCO, NAM, R&R, NRA & ROI
## VIOLATIONS OF THE FDCPA

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

39. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

40. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

41. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f , as evidenced by the following conduct:

   a) Misrepresenting the amount, character or legal status of the debt;

   b) Communicating or threatening to communicate credit information which is known to be false; and

   c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

42. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

43. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – ALL DEFENDANTS
### NEGLIGENCE

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. Defendants' negligence consists of the following:

   (a) Violating the FDCPA as set forth above;

   (b) Accepting payment from Plaintiff, a non-debtor, in connection with the debts;

   (c) Failing to update the status of the debt to the credit reporting agencies or relevant government entity upon receipt of payment from Plaintiff for the debts;

46. As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

47. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

### COUNT III – ALL DEFENDANTS
### UNJUST ENRICHMENT

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. A benefit was conferred upon the Defendants by the Plaintiff in the form of monetary payments for the debts.

50. Defendants accepted payment for the debts despite the fact that Defendants knew or should have known that the debts did not belong to Plaintiff.

51. Defendants nonetheless have not returned payment to Plaintiff and continue to report the debts as delinquent and unpaid on Plaintiff's credit reports.

52. As a result Defendants are liable to compensate the Plaintiff for the full amount paid to Defendants for the debts, as well as such other relief, permitted under the law.

### JURY TRIAL DEMAND

53. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

   (a) Actual damages;

   (b) Statutory damages;

   (c) Punitive damages;

   (d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

        Respectfully Submitted,

        **FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
   MARK D. MAILMAN, ESQUIRE
   GREGORY J. GORSKI, ESQUIRE
   Land Title Building, 19th Floor
   100 South Broad Street
   Philadelphia, PA 19110
   (215) 735-8600

   Attorneys for Plaintiff

DATE: November 29, 2010