## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN W. BAPTISTE, SR.** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 10-6923** |
| ) | |
| **v.** ) | |
| ) | |
| **TRANSUNION, LLC;  NCO** ) | |
| **FINANCIAL SYSTEMS, INC.;** ) | |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES LLC; EXPERIAN** ) | |
| **INFORMATION SOLUTIONS, INC.;** ) | |
| **BANK OF AMERICA** ) | |
| **CORPORATION; FIRST MARINER** ) | |
| **BANK; NATIONAL ASSET** ) | |
| **MANAGEMENT, LLC; NRA GROUP,** ) | |
| **LLC d/b/a NATIONAL RECOVERY** ) | |
| **AGENCY; R&R PROFESSIONAL** ) | |
| **RECOVERY, INC.; ROI ELIGIBILITY** ) | |
| **SERVICES CORPORATION, and** ) | |
| **CAPITAL ONE BANK** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## SECOND AMENDED COMPLAINT

1.     This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*., the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Protection Act (hereafter the "MCPA"), Md. Comm. Law §§ 13-30, *et seq.* and other common law rights.

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Brian W. Baptiste, Sr. is an adult individual residing at 805 Rezerdy Road, Baltimore, MD  21212.

5.      Defendant Trans Union, LLC (hereafter "TransUnion") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA  19022.

6.      Defendant NCO Financial Systems, Inc. (hereafter, "NCO") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 507 Prudential Road, Horsham, PA  19044.

7.      Defendant Experian Information Solutions, Inc. (hereafter "Experian") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, NJ  07054.

8.      Defendant Equifax Information Services LLC (hereafter "Equifax") is a consumer reporting agency, which regularly conducts business in Philadelphia County, Pennsylvania, and which has a place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, NJ  08026.

9.      Defendant Bank of America Corporation (hereafter "BOA") is a business entity that regularly conducts business in Philadelphia County, and which has a principal place of business located at 1600 JFK Boulevard, Philadelphia, PA  19103.

10.     Defendant First Mariner Bank (hereafter "First Mariner") is a is a business entity that regularly conducts business in Philadelphia County, and which has a principal place of business located at 1501 S. Clinton Street, Baltimore, MD  21224.

11.     Defendant National Asset Management, LLC (hereafter, "NAM") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at National Asset Management, LLC 400 Rouser Road, Suite 202, Moon Twp, PA 15108.

12.     Defendant NRA Group, LLC d/b/a National Recovery Agency (hereafter "NRA") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 2491 Paxton Street, Harrisburg, PA  17111.

13.     Defendant R&R Professional Recovery, Inc. (hereafter "R&R") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 1500 Reierstown Road, Pikesville, MD  21282.

14.     Defendant ROI Eligibility Services Corporation (hereafter "ROI") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 1922 Greenspring Drive, Suite 5, Timonium, MD  21093.

15.     The principal purpose of the Defendants listed in paragraphs 10-14 is the collection of debts using the mails and telephone, and Defendants regularly attempts to collect debts alleged to be due another.

16.     Defendant Capital One Bank (hereafter "Capital One") is a business entity with its principal place of business located at 319 Route 130 North, East Windsor, NJ 08520.

## FACTUAL ALLEGATIONS

### As To Defendants TransUnion, Equifax & Experian

17.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

18.     The inaccurate information includes, but is not limited to, accounts with ARS Account Resolution, National Asset Management, National Recovery Agency, NCO, R&R Professional Recovery, Citibank, GE Money Bank, ROI, judgments from the Maryland State Court and other personal information.

19.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts, as well as incorrect personal identifying information.

20.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

21.     Plaintiff has applied for and has been denied extensions of consumer credit and the inaccurate information that appears on Plaintiff's credit reports was a substantial factor for those denials.

22.     Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown.

23.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

24.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

25.     At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### As To Defendants BOA & First Mariner

26.     Plaintiff has sought a mortgage from Defendants for the purchase of a home.

27.     While applying for the loans, Plaintiff's credit report was obtained by Defendants and the inaccurate information identified above was observed by Defendants' representatives in evaluating Plaintiff's creditworthiness.

28.     Although Plaintiff advised Defendants  that the inaccurate information did not belong to him, Plaintiff has been unable to obtain a mortgage from Defendants because of this inaccurate information appearing on his credit reports.

29.     Notwithstanding the above, Defendants' representatives then misrepresented to Plaintiff that if he were to pay off the judgments and collection accounts comprising the

inaccurate information that those accounts would be removed from his credit report, and then Defendants would be able to offer Plaintiff a mortgage.

30.     Defendants made these misrepresentations to Plaintiff despite having knowledge that the act of paying off a collection account or judgment will not cause the account to be removed from an individual's credit report.

31.     Defendants further made these misrepresentations to Plaintiff knowing that if Plaintiff followed their advice they would be able to offer Plaintiff a mortgage rate that is substantially higher than what a person without such inaccurate information would otherwise be offered, as opposed to denying him outright for a mortgage, which they already had done.

32.     Relying upon Defendants' misrepresentations, Plaintiff made payments to the collection agencies and creditors reporting debts which did not belong to him on his credit report with the belief that these accounts and judgments would then be removed from his credit report.

33.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

34.     At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

35.     As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, damage to Plaintiff's credit, out-of-pocket expenses, embarrassment, humiliation, damage to reputation and Plaintiff will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### As To Defendants NCO, NAM, R&R, NRA & ROI

36.     At all pertinent times hereto, Defendants were hired by various third-party creditors to collect debts relating to accounts for which Plaintiff is not responsible (hereafter the "debts").

37.     The debts at issue arise out of alleged transactions which were primarily for personal, family or household purposes.

38.     At all material times, Plaintiff did not owe the debts and has never owed debts to Defendants.

39.     In or around August 2010, Plaintiff learned that Defendants were falsely reporting the debts to the credit reporting agencies.

40.     These debts reporting on Plaintiff's credit reports were substantial factors in precluding Plaintiff from obtaining a mortgage.

41.     In or around October 2010, Plaintiff attempted to eliminate the debts from his credit reports and obtain a mortgage by paying off the debts.

42.     Defendants knew or should have known that the debts were not the responsibility of Plaintiff.

43.     By November 2010, although Defendants each accepted payment from Plaintiff, Defendants each failed to send any updates to the credit reporting agencies indicating that the debts were paid nearly a month after the debts were actually paid by Plaintiff.

44.     At all times relevant hereto, Defendants had the ability to update account information to the credit reporting agencies on a daily basis.

45.     Defendants acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of the debts.

46.     Defendants acted in a false, deceptive, misleading and unfair manner by communicating or threatening to communicate credit information which is known to be false.

47.     Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

48.     At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

49.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

50.     As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, embarrassment, and humiliation and Plaintiff will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

**As To Defendant Capital One**

51.     In or around June 2008, Defendant obtained a judgment for an alleged unpaid credit card for which Plaintiff is not responsible (hereafter the "Capital One debt").

52.     At all material times, Plaintiff did not owe the Capital One debt and has never owed a debt to Defendant Capital One.

8

53.     In or around August 2010, Plaintiff learned that the judgment obtained by Defendant Capital One was falsely being reported to the credit reporting agencies as belonging to Plaintiff.

54.     This judgment reporting on Plaintiff's credit report was a substantial factor in precluding Plaintiff from obtaining a mortgage.

55.     In or around October 2010, Plaintiff attempted to eliminate the judgment from his credit reports and obtain a mortgage by paying the Capital One debt.

56.     Defendant Capital One knew or should have known that the Capital One debt was not the responsibility of Plaintiff.

57.     By November 2010, although Defendant Capital One accepted payment from Plaintiff, Defendant Capital One failed to satisfy the judgment and further advised Plaintiff that it would not do so until an unstated amount of purported attorneys fees and collection costs were also paid by Plaintiff.

58.     At all times pertinent hereto, Defendant Capital One was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant Capital One herein.

59.     At all times pertinent hereto, the conduct of Defendant Capital One as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

60.     As a result of Defendant Capital One's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, embarrassment and humiliation and

Plaintiff will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – EQUIFAX, EXPERIAN & TRANS UNION
## VIOLATIONS OF THE FCRA

61.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62.     At all times pertinent hereto, Defendants were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

63.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

64.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

65.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

>    (a)  willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy and privacy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b);

>    (b)  willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

>    (c)  willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

66.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – BOA & FIRST MARINER
## FRAUD

67.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

68.     Defendants knowingly misrepresented to Plaintiff that if he were to pay off the inaccurate judgments and collection accounts that those accounts would be removed from his credit report, and then Defendants would be able to offer Plaintiff a mortgage.

69.     Defendants knew or should have known that the act of paying a collection account or judgment will not cause the account to be removed from a credit report.

70.     Defendants further knew that if Plaintiff followed their advice that they would be able to offer Plaintiff a mortgage rate that is substantially higher than what a person without such inaccurate information would otherwise be offered.

71.     Plaintiff relied upon Defendants representations, and accordingly, made payments to the collection agencies and creditors reporting the inaccurate information on his credit report with the reasonable belief that these accounts would then be removed from his credit report and he would be able to obtain a mortgage.

72.     As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

73.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

**COUNT III – BOA & FIRST MARINER**
**NEGLIGENT MISREPRESENTATION**

74.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

75.     Defendants negligently misrepresented to Plaintiff that if he were to pay off the inaccurate judgments and collection accounts that those accounts would be removed from his credit report, and then Defendants would be able to offer Plaintiff a mortgage.

76.     Plaintiff relied upon Defendants' representations, and accordingly, made payments to the collection agencies and creditors reporting the inaccurate information on his credit report with the reasonable belief that these accounts would then be removed from his credit report and he would be able to obtain a mortgage.

77.     As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

78.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## COUNT IV – BOA & FIRST MARINER
## VIOLATIONS OF THE MCPA

79.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

80.     Defendants are "persons" as defined by Md. Comm. Law § 13-303 of the MCPA.

81.     Plaintiff is a "consumer" as defined by Md. Comm. Law § 13-303 of the MCPA.

82.     Defendants engaged in unfair or deceptive practices in the sale, or offer for sale, of consumer goods by misrepresenting to Plaintiff that, if he were to pay off the inaccurate judgments and collection accounts identified above that those accounts would be removed from his credit report, and then Defendants would be able to offer Plaintiff a mortgage.

83.     As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the actual losses and damages as set forth above.

84.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, attorneys fees, as well as such other relief, permitted under the law.

## COUNT V – NCO, NAM, R&R, NRA & ROI
## VIOLATIONS OF THE FDCPA

85.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

86.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

87.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

88.     The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

89.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f , as evidenced by the following conduct:

   a)  Misrepresenting the amount, character or legal status of the debt;

   b)  Communicating or threatening to communicate credit information which is known to be false; and

   c)  Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

90.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

91.     As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT VI – NCO, NAM, R&R, NRA, ROI & CAPITAL ONE NEGLIGENCE

92.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

93.     Defendants' negligence consists of the following:

   (a)  Violating the FDCPA as set forth above, with the exception of Capital One;

(b)     Accepting payment from Plaintiff, a non-debtor, in connection with the debts;

(c)     Failing to update the status of the debt to the credit reporting agencies or relevant government entity upon receipt of payment from Plaintiff for the debts;

94.     As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

95.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## COUNT VII – NCO, NAM, R&R, NRA, ROI & CAPITAL ONE UNJUST ENRICHMENT

96.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

97.      A benefit was conferred upon the Defendants by the Plaintiff in the form of monetary payments for the debts.

98.     Defendants accepted payment for the debts despite the fact that Defendants knew or should have known that the debts did not belong to Plaintiff.

99.     Defendants nonetheless have not returned payment to Plaintiff and continue to report the debts as delinquent and unpaid on Plaintiff's credit reports.

100.    As a result Defendants are liable to compensate the Plaintiff for the full amount paid to Defendants for the debts, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

101.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

        (a) Actual damages;

        (b) Statutory damages;

        (c) Punitive damages;

        (d) Costs and reasonable attorneys fees; and

        (e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:    */s/ Mark D. Mailman*
       MARK D. MAILMAN, ESQUIRE
       GREGORY J. GORSKI, ESQUIRE
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

       Attorneys for Plaintiff

DATE: January 28, 2011